IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD JONES, B13486, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANTHONY WILLIS, | ) |
| JOHN DOE GARCIA, | )  Case No. 23-cv-2804-DWD |
| MR. RAMSEY, | ) |
| BENT, | ) |
| JULICH/JURLICH, | ) |
| MR. MALDONADO, | ) |
| SARA QUICK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter came before the Court on November 30, 2023, for a hearing on Plaintiff's Motion for a Preliminary Injunction (Doc. 8). The Court previously narrowed the scope of the injunctive relief sought to: Plaintiff's access to medical care for self-harm related injuries to his arms; Plaintiff's access to mental health care associated with his acts of self-harm; Plaintiff's access to the grievance procedure; and Plaintiff's access to water in his cell. (Doc. 9 at 19). Defendants responded to the TRO on October 20, 2023, with declarations from relevant prison personnel about all four of these issues. (Doc. 30). However, Plaintiff contests the veracity of those responses, and continues to indicate that he needs immediate relief. (Doc. 41).

At the hearing, the Court took testimony from several witnesses, and the parties agreed that it was necessary for further medical and mental health information to be gathered by professionals in those fields before the Court can address further specific injunctive relief. While mandatory injunctive relief is very rare, and the Court exercises caution when getting involved in the daily affairs of the prison, Plaintiff's allegations about his physical and mental condition and the lack of present information from health professionals make it necessary for the Court to direct very limited actions in this case. *See e.g., Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (mandatory preliminary injunctions are cautiously viewed and sparingly issued). This order details the further records and care that must be accomplished before the Court can properly rule on the Motion for a Preliminary Injunction.

At the hearing, Connie Dolce, the Director of Nursing, testified that Plaintiff received 20 sutures in his right forearm on July 30, 2023, for a self-harm wound. Some of the sutures remained in his arm until October 3, 2023, at which time they were removed and there was no indication of any further infection. Plaintiff agreed that this was an accurate recitation of events concerning his right forearm injury, but he testified that he had additional self-harm wounds on his left forearm for which he had been unable to seek care. Ms. Dolce had no treatment records concerning any additional left forearm injuries. To best assess this situation, the Court hereby **ORDERS** the Defendants to have Plaintiff examined by a physician within 30 days to examine and document any additional wounds, and to document the need (if any) for further wound care.

Ms. Dolce also testified that to her knowledge, Plaintiff had not yet been seen by a mental health professional at Menard. He arrived on July 30, 2023, but she did not have knowledge of any master mental health treatment plan, or any other contacts with mental health. She noted that Plaintiff was supposed to participate in group therapy whenever available, but that at least three recent sessions had been cancelled due to staffing and security issues. She also testified that on September 19, 2023, Plaintiff had requested a visit with a mental health professional (MHP), but he was not seen on that date because the MHP or security deemed the gallery where Plaintiff was housed as hazardous. Ms. Dolce noted that a mental health progress note from Plaintiff's former institution (Pontiac Correctional Center), reflected outpatient level care and mental health visits every sixty days. To best assess the present and emergent need for further mental health treatment, the Court hereby **ORDERS** the Defendants to have Plaintiff participate in a full mental health assessment within 30 days, directed at the goal of formulating a current master treatment plan. Ms. Dolce testified that the facility would be able to accomplish this objective within 30 days.

In addition to the medical and mental health assessments, Defense Counsel is **DIRECTED** to gather and tender to the Court (and Plaintiff) relevant medical and mental health records for Plaintiff. Records should include Plaintiff's entire present stay at Menard (from July 2023-date) and should also include any historical materials from Pontiac that counsel deems relevant. The records should be tendered to the Court within 45 days.

As to Plaintiff's emergency concerns about access to the grievance procedure, the Court heard testimony from Kelly Pierce, a grievance officer. Ms. Pierce credibly testified that Menard has routine procedures for all inmates to request and file grievances. For individuals in restrictive housing, grievance forms can be requested from the gallery officer, and they can be deposited either in locked boxes on the cellhouse wall, or in a portable grievance box rolled around the cellhouse. Ms. Pierce noted that Plaintiff had successfully filed two grievances, and further details about these grievances were offered in her Declaration. (Doc. 30, Pierce Decl. at p. 30 ¶ 5). Plaintiff also tendered a copy of one of these grievances with his brief prior to the hearing. (Doc. 41 at 33-36). While Plaintiff testified that he has been unable to access grievance forms, other than the few he got from a fellow inmate, the Court was not persuaded on this point. The Court found Ms. Pierce's testimony that all offenders could request grievances credible, so the issue of access to grievances will not be addressed further with the pending Motion for a Preliminary Injunction.[1]

---

[1] The Court notes that both in his brief prior to the hearing (Doc. 41), and at the hearing, Plaintiff insisted that he is still having problems with grievances. He stressed that he was having problems transmitting his grievance to the ARB, and that he was experiencing interference with legal mail. Access to the ARB or to legal mail is outside the scope of the claims defined in the Court's Order of Initial Review. (Doc. 9). The Court was primarily concerned that Plaintiff was alleging he could not get any form of response from staff or care for the major issues in the complaint (self-harm, mental health, water in his cell), but at least one grievance that Pierce identified and that he tendered speaks to these exact issues. (Doc. 41 at 33-36). There is no freestanding constitutional right to access the grievance procedure, so mere access issues in and of themselves are not sufficient to warrant any injunctive relief. *See e.g., Owens v. Hinsley*, 635 F.3d 950, 954-55 (7th Cir. 2011) (grievance procedures are not mandated by the First Amendment and do not by their very existence created protected interests). The Court's real concern with this lawsuit and the Motion for a Preliminary Injunction is Plaintiff's physical and mental well-being. These issues are now being addressed by the Court's Order that Plaintiff be seen by medical and mental health staff, so there is no independent merit to the theory that Plaintiff needs access to the grievance procedure restored as a form of freestanding emergency injunctive relief.

Finally, the Court directed the parties to address Plaintiff's claim that he has not had access to running water or working plumbing in his cell. At the hearing, Josh Eaton, a plumber at Menard, testified that on November 30, 2023, he visited Plaintiff's cell to assess the plumbing. During his visit he observed that the cold water and toilet were functional but that the hot water was just a trickle or drip. He repaired the hot water and ensured that all plumbing was functioning correctly. The Court found Mr. Eaton's testimony to be credible, and Plaintiff agreed that his plumbing had been repaired. Although Plaintiff testified that he was concerned correctional staff would tamper with his plumbing in subsequent days, the Court was not convinced that this will occur or presented a serious risk that warranted any form of injunctive relief. Accordingly, the portion of the Motion for Preliminary Injunction (Doc. 8) that targets access to water and plumbing will not be addressed any further.

In sum, the Court finds that there are no present issues with Plaintiff's access to the grievance procedure or plumbing, so the Motion for a Preliminary Injunction (Doc. 8) is **DENIED** on those issues. By contrast, a ruling is **DEFERRED** on Plaintiff's need for medical and mental health treatment related to self-harm. The Defendants are directed to do the medical and mental health assessments within 30 days, and Defense Counsel is **DIRECTED** to tender those records and any others that are relevant within 45 days. This matter will be set for another status hearing in approximately 60 days.

**IT IS SO ORDERED.**

**Dated**: December 1, 2023

/s *David W. Dugan*

_____
DAVID W. DUGAN
United States District Judge