IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD JONES, B13486, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| ANTHONY WILLS, JOHN DOE GARCIA, MR. RAMSEY, BENT, JULICH/JURLICH, MR. MALDONADO, SARA QUICK, JANE DOES 1-7, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case Nos. 23-cv-2804-DWD & 23-cv-2889-DWD

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On January 30, 2024, the Court consolidated Plaintiff Gerald Jones' two pending civil complaints concerning aspects of his confinement in the Illinois Department of Corrections at Menard Correctional Center (Menard)--*Jones v. Wills, et al.*, 23-cv-2804-DWD (filed August 15, 2023) and *Jones v. Jeffreys, et al.*, 23-cv-2889-SMY (filed August 21, 2023). Both matters have already been reviewed under the terms of 28 U.S.C. § 1915A and Plaintiff has been allowed to proceed on certain claims. However, Plaintiff has moved for reconsideration of the Court's screening order in his original case (23-cv-2804) (Doc. 12), and he has a pending motion to amend the claims in his second case (23-cv-2889), which has been transferred to this case (Doc. 61). This Order will address these

Motions, as well as Plaintiff's Motion to Substitute named parties for Jane Doe Defendants (Doc. 62).

## Operative Claims

On September 13, 2023, the Court allowed Plaintiff to proceed on the following Claims:

> **Claim 1:** Eighth Amendment excessive force claim against Defendant Ramsey for allegedly beating Plaintiff upon his arrival to Menard on July 29, 2023;
>
> **Claim 2:** Eighth Amendment excessive force or deliberate indifference claim against Defendant Jullen[1] for observing Plaintiff bleeding from self-harm and choosing to first mace him instead of rendering immediate assistance;
>
> **Claim 3:** Eighth Amendment deliberate indifference against Defendant Quick for refusing medical or mental health assistance on August 3, 2023;
>
> **Claim 4:** Eighth Amendment cruel and unusual punishment or conditions of confinement claim against Defendant Maldonado for shutting Plaintiff's water off frequently to cause him distress;
>
> **Claim 5:** Eighth Amendment cruel and unusual punishment claim against Defendants Garcia and Benton[2] for verbally threatening Plaintiff;
>
> **Claim 6:** Eighth Amendment deliberate indifference claim against Warden Wills for ignoring Plaintiff's correspondence about his situation, and failing to render aid;

---

[1] Defendant Jullen or Julich has since been identified as Defendant Justin Kulich (Doc. 46), and the Clerk of Court is **DIRECTED** to update the docket sheet consistent with this footnote.

[2] Defendant Benton or Bent has since been identified as Quinnton Bent (Doc. 46), and the Clerk of Court is **DIRECTED** to update the docket sheet consistent with this footnote.

(Doc. 9). Claim 7, was dismissed without prejudice upon initial review of the complaint in case 23-cv-2804. However, Plaintiff has moved for reconsideration of that dismissal (Doc. 12), and his motion will be discussed in-depth below.

On September 20, 2023, Plaintiff was allowed to proceed on two claims against seven Jane Doe defendants in case 23-cv-2889:

**Count 5:** Eighth Amendment claim against Defendants for their deliberate indifference to Jones's serious mental illness and related mental health needs from July 29, 2023, through August 21, 2023.

**Count 9:** Illinois state law claim against Defendants for their intentional infliction of emotional distress on Jones from July 29, 2023, through August 21, 2023.

(Doc. 57). For ease of comprehension, the Court will now **re-number these Claims** as Claims 8 and 9:

**Claim 8:** Eighth Amendment claim against Defendants for their deliberate indifference to Jones's serious mental illness and related mental health needs from July 29, 2023, through August 21, 2023.

**Claim 9:** Illinois state law claim against Defendants for their intentional infliction of emotional distress on Jones from July 29, 2023, through August 21, 2023.

## Motion to Substitute Specific Jane Doe Defendants (Doc. 62)

In Case No. 23-cv-2889, the Warden of Menard was added to the case in his official capacity to help identify the seven Jane Doe defendants, and the parties followed a schedule to exchange information about these unidentified parties. Plaintiff has now moved to substitute eight named individuals for the seven Jane Does. (Doc. 62). The originally defined Jane Does associated with Claims 8 and 9 were mental health

providers who refused to provide Plaintiff with care or services from July 29, 2023, through August 21, 2023. In the Motion to Substitute, Plaintiff has identified six individuals who he interacted with from July 29th thru August 21, 2023, and he has identified two additional individuals that he interacted with on August 22, 2023, and September 19, 2023. Given that these individuals are alleged to have seen Plaintiff for mental health purposes within close temporal proximity to the original Jane Does 1-7, the Court will allow the substitution of all eight named individuals.

Accordingly, Plaintiff's Motion to Substitute (Doc. 62) will be granted, and the following individuals shall be served and shall answer to Claims 8 and 9:

- Sheri Buettner
- Shelley Franklin
- Tera Wilkes
- Cynthia Overmann
- Paige Saiger
- Darlana Winger
- Mark Carich
- Caitlynn Phillips

The Clerk of Court will be directed to serve these parties consistent with the disposition section of this Order, and with the earlier Order for Service of Process (Doc. 57).

## Motion to Amend (Doc. 61)

Just a few days prior to moving to substitute named parties for the seven Jane Does, Plaintiff also filed a Motion to Amend his underlying complaint in case 23-cv-2889. (Doc. 61). In the Motion to Amend, Plaintiff indicates that he wants to replace pages 1 and 2 of his original complaint where the parties are listed, and then he wants to add new allegations on pages 22-27 in paragraphs 60-78. (Doc. 61 at 1). The Court carefully

reviewed the proposed amended pleading (Doc. 61-1) alongside the original (Doc. 56) to ensure it understood the scope of Plaintiff's proposed amendments.  Defendants have also objected to the amendment (Doc. 63), and Plaintiff has moved to strike their objection (Doc. 64).

Plaintiff's proposed amendment differs from the original complaint in so much as he has re-added Anthony Wills as a defendant, he has added named mental health providers (Ms. Overman, Ms. Bennett, Ms. Winger, and Ms. Phillips), he has re-added Wexford Health Resource, Inc., and he has included just two Jane Doe Mental Health staff.  *Compare* (Doc. 56 at 1-2 *with* Doc. 61-1 at 1-2).  In the factual allegations, Plaintiff has not removed any of his previous allegations, instead, he has just added 18 paragraphs of additional factual allegations that discuss the parties named in the amended caption.

Defendant Overman has already been added to the lawsuit by Plaintiff's Motion to Substitute, and the factual allegation against her concern July 30, 2023, so this content is already contemplated by the original complaint.  By contrast, Ms. Bennett was not included in the list of parties to substitute for Jane Does 1-7.  This is perplexing because Plaintiff alleges that Ms. Bennett is part of the mental health staff at Menard and that she was the one to interact with him and to release him from crisis watch on August 2, 2023. (Doc. 61-1 at 1, 22 at ¶ 61).  These allegations about Ms. Bennett suggest that she could have fit within the group of Jane Does 1-7, and yet, she was not identified by Plaintiff as one of those Does.

Plaintiff also alleges in the proposed amended complaint that he would like to name two Jane Doe mental health staff he interacted with on August 5 and 15, 2023, as well as Ms. Winger who he saw on September 19, 2023, and Ms. Phillips who he saw on October 3, 2023. Defendants Winger and Phillips have already been added to the case by the motion to substitute, though that is limited at present to interactions with those two in Claims 8 and 9 from July 29 to August 21, 2023. As to the mental health professionals from August 5 and 15, it appears from the Motion to Substitute that these individuals may also have already been identified as Defendants Paige Saiger (spoke to Plaintiff August 5 and 15) and Mark Carich (spoke to Plaintiff August 5) (Doc. 62 at 2). As such, it appears many of the allegations that Plaintiff is seeking to add are already encompassed by the substitution of named parties.

Aside from the allegations and parties that appear to overlap with Plaintiff's existing Claims 8 and 9, Plaintiff goes on to allege that all the defendants identified in the proposed amended complaint have violated his rights from July 29, 2023, onward by receiving multiple forms of notification (grievances, letters, oral communication) about his need for medical and mental health services, and turning a blind eye to his need for medical and mental health services. Plaintiff has already been allowed to proceed on Claim 6, against Anthony Wills for this exact issue.

Given the extensive overlap between Plaintiff's existing complaints and claims, the Court finds it most efficient at this juncture to **DENY** Plaintiff's Motion for Leave to Amend (Doc. 61) without prejudice. The Court finds this to be the best option because as it stands, the proposed amended pleading creates confusion about the difference

between the originally designated Claims 8 and 9 against Jane Does 1-7, and it overlaps significantly with Claim 6 against Defendant Wills. Rather than allow the amended pleading, which would require the parties and the Court to jointly consider three operative documents (Docs. 1, 56, 61-1), the Court will afford Plaintiff a new chance to file an amended pleading. Any proposed amendment will still be subject to initial review and to objections from the opposing party, but this will allow Plaintiff a chance to gather all claims that he has related to both cases into a single complaint. Plaintiff may include Claims 1-6 and 8-9 against Defendants: Ramsey (Claim 1); Kulich (Claim 2); Quick (Claim 3); Maldonado (Claim 4); Garcia (Claim 5); Bent (Claim 5); Wills (Claim 6); and Buettner, Franklin, Wilkes, Overmann, Saiger, Winger, Carich, and Phillips (Claims 8 and 9).

In light of the denial of the Motion to Amend (Doc. 61), the Court also **DENIES** Plaintiff's Motion to Strike (Doc. 64) the Defendants' objections as **MOOT**.

### Motion for Reconsideration (Doc. 12)

Following the Court's Order for Service of Process in Case No. 23-cv-2804, Plaintiff filed a Motion for Reconsideration (Doc. 12) of that Order wherein he argued that the Court erred in the dismissal of some parties and claims. Specifically, Plaintiff argued that the Court erred by dismissing his policy, custom, or practice claims against Anthony Wills and Rob Jeffreys. The Court considered and thoroughly analyzed these allegations as "Claim 7" in the Order for Service of Process (Doc. 9).

Plaintiff's Motion to Reconsider re-hashes arguments that the Court previously considered and does not present a new legal or factual basis to alter the Court's earlier

ruling. *See e.g., Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F3.d 1264, 1270 (7th Cir. 1996) (reconsideration is not an appropriate forum for rehashing previously rejected arguments). The Court did not find the allegations against Wills or Jeffreys plausible on initial review, and it remains convinced this was an appropriate ruling. Accordingly, Plaintiff's Motion for Reconsideration (Doc. 12) is **DENIED**.

### Motion for Adequate Relief – Defendant Garcia

On November 17, 2023, Plaintiff filed a Motion for Adequate Relief (Doc. 40) wherein he described trouble identifying the proper Defendant Garcia to serve in this action. Defendant Garcia is named in association with Claim 5. The Court has been informed that there are multiple employees at Menard by the name Garcia, and the parties were directed to exchange information to identify the correct party. (Doc. 23). To this end, Plaintiff has now indicated in his Motion for Adequate Relief that he has ongoing contact with the correct Garcia, but that individual refuses to clarify his name. Plaintiff's Motion for Adequate Relief (Doc. 40) is **GRANTED**, and <u>defense counsel is **DIRECTED** to further investigate the information Plaintiff has provided in the Motion</u>. Defense counsel shall have **21 days** to give Plaintiff information about Defendant Garcia's identity, and Plaintiff shall have **14 days** after receipt of that information to file a motion to substitute or to take additional steps to identify this defendant.

### Disposition

**IT IS HEREBY ORDERED THAT**, Plaintiff's Motion for Reconsideration (Doc. 12), His Motion to Amend (Doc. 61) and his Motion to Respond and Strike (Doc. 64) are all **DENIED** for reasons explained above.

By contrast, his Motion for Adequate Relief (Doc. 40) is **GRANTED** in so far as he seeks to take additional steps to identify Defendant Garcia. Warden Anthony Wills is **DIRECTED** with counsel to review the information about Garcia's identity in Document 40 and to provide Plaintiff with any further identifying information within 21 days, by May 8, 2024. Plaintiff shall have until May 22, 2024, to substitute the correct Garcia.

Plaintiff's Motion to Substitute (Doc. 62) is also **GRANTED**, and the Clerk of Court is **DIRECTED** to **TERMINATE** Jane Does 1-7 and to **ADD** Defendants Sheri Buettner, Shelley Franklin, Tera Wilkes, Cynthia Overmann, Paige Saiger, Darlana Winger, Mark Carich, and Caitlynn Phillips to the docket sheet, and to serve them consistent with the Order for Service of Process at Document 57.

Defendant Ramsey's Motion for an Extension of Time to Answer (Doc. 39) is **GRANTED** instanter, because his answer has now been filed (Doc. 46).

The Clerk of Court is **DIRECTED** to update the docket sheet consistent with footnotes 1 and 2 to reflect the correct names of Defendants Julich and Bent as Justin Kulich and Quinnton Bent (Doc. 46).

Plaintiff's Motion for a Copy (Doc. 75) is **GRANTED**, and the Clerk of Court is DIRECTED to send a one-time courtesy copy of the order at docket entry 74.

**IT IS SO ORDERED.**

Dated: April 17, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge