IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GERALD JONES, B13486, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| ANTHONY WILLS, RYAN RAMSEY, QUINNTON BENT, JUSTIN KULICH, ALEX MALDONADO, SARA QUICK, SHERI BUETTNER, SHELLEY FRANKLIN, TERA WILKES, CYNTHIA OVERMANN, PAIGE SAIGER, DARLANA WINGER, MARK CARICH, CAITLYNN PHILLIPS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 23-cv-2804-DWD |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On April 17, 2024, the Court issued an Order for Service of Process that discussed the operative claims in this case as merged between Plaintiff's original case, *Jones v. Wills, et al.*, Case No. 23-cv-2804, and his second case, *Jones v. Wills, et al.*, 23-cv-2899. (Doc. 76). The Court allowed the replacement of John/Jane Doe medical providers with named individuals, and it set forth steps and a deadline for Plaintiff to identify the final Doe—"John Doe Garcia." Plaintiff failed to timely identify John Doe Garcia, so Garcia was terminated on July 2, 2024. Meanwhile, on May 23, 2024, the Court issued a

comprehensive scheduling order that provided a deadline for Plaintiff to move to amend his complaint if he so desired, as well as a deadline for defendants to pursue the affirmative defense of failure to exhaust administrative remedies. Plaintiff has now moved to amend his complaint and has submitted a proposed amended pleading. (Doc. 102).

As with any pleading filed by an inmate, Plaintiff's proposed amended complaint is subject to review by the terms of 28 U.S.C. § 1915A. As the Court previously noted upon initial review of Plaintiff's filings in this case, Plaintiff is an individual who has accrued three strikes under 28 U.S.C. § 1915(g), so his pleading is subject to an additional level of scrutiny. To proceed, an inmate with three strikes must allege a physical injury that is imminent or occurring at the time the complaint is filed. *Ciapaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The ongoing denial of care for a serious medical condition establishes an imminent danger of serious physical harm. *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010).

Regardless of the potential imminence of Plaintiff's new allegations, or the imminence suggested in his original pleading, the Court will now strike Plaintiff's proposed amended complaint because it does not satisfy the Local Rules or the Federal Rules of Civil Procedure. Specifically, Local Rule 15.1(b)(2) requires litigants to underline proposed changes to a pleading in the proposed amended complaint. Here, Plaintiff has not underlined additions, and the new pleading intricately intertwines existing and additional allegations. His amended pleading contains nearly 60-pages of factual allegations, includes 19 new named defendants, and countless additional John Doe

defendants. This style of pleading makes the document hard to follow, and it makes it difficult to discern new from old material.

For example, in the original pleading Plaintiff discussed an incident of excessive force by Defendant Ramsey, and four John Doe correctional officers. The Court rejected the inclusion of the Does, because in the caption of the case, Plaintiff had identified nine John Doe correctional officers, and the Court could not discern which of the nine might be the four linked to excessive force. (Doc. 9 at 8-10). Plaintiff has now found some clarity and includes two additional named defendants to the excessive force incident (Conner and Davis), but he also includes another "John Doe" that is not listed in the master caption. By weaving new and slightly modified allegations into the proposed amended complaint, it would take hours for the Court to sort through the pleading to determine which allegations are old, which allegations modify existing claims, and which allegations add entirely new theories. The Court reviewed the entirety of the 67-page amended pleading and determined that the entire document would require the same level of scrutiny. With this information, it is obvious that Plaintiff's non-compliance with the Local Rules is seriously problematic.

In addition to the difficulty of discerning old, modified, and new claims, the Court also notes that the proposed amended complaint combines claims that appear to mis-joined. For example, while the original pleading focused on a discrete incident of excessive force and related medical and mental health needs, Plaintiff's amended complaint now incorporates claims about his conditions of living for the last 11 months, and other extraneous topics such as alleged interference with legal mail as it pertains to

Plaintiff's access to courts and pursuit of separate legal proceedings in other judicial districts. The Federal Rules of Civil Procedure limit the types of claims and parties that can be properly joined in a single lawsuit, and beyond those bounds, courts also have discretion to sever matters for judicial efficiency. *See e.g.*, *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Limits on joinder involve consideration of the common parties and the core factual nucleus, the commonality of legal questions, and the complexity of the issues involved. In *Dorsey*, the Seventh Circuit instructed that when faced with a misjoined pleading, it is preferable for the court to begin by, "striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem." *Id.* And in other cases, the Seventh Circuit has emphasized that courts should "target for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated defendants. *Mitchell v. Kallas*, 895 F.3d 492, 503 (7th Cir. 2018).

Plaintiff's proposed amended complaint (Doc. 102-1) concerns events that have arisen at Menard from late-July 2023 until the filing of the pleading in mid-July of 2024. The pleading concerns a wide-variety of issues including, but not limited to: dental care, a staff assault, follow-up medical care, countless instances of self-harm, mental health care, conditions of Plaintiff's cell (access to showers, recreation, adequate and sanitary food, etc.), due process during disciplinary proceedings, hernia and chronic pain issues, the administration of medication, the adequacy of medications offered, the use of restraints, access to legal and non-legal mail, access to the courts, access to the grievance process, retaliation, and a widespread conspiracy.

While some issues may be united by common themes or legal findings, such as the original claims related to excessive force and an immediate deterioration of mental and physical health, other issues are plainly unrelated.  Plaintiff's pleadings were a bit scattershot to begin with, and the amended complaint is now the sort of scattershot pleading by a repeat litigant that should be carefully reviewed.  For example, Plaintiff's access to courts claims concern things that have transpired in early 2024, that he alleges have prejudiced multiple proceedings, including a specific case he was pursuing in the Central District of Illinois.  (Doc. 102-1 at 28-34).  The allegations about access to the courts center on defendants that are new to the amended pleading, and that were not involved in the original underlying allegations.  These claims are subject to severance under the Federal Rules of Civil Procedure or based upon the Court's discretion.  With a complaint so sprawling, against 33 defendants, spanning a year, there is no question that at least some aspects would be subject to severance.

Realistically, the addition of the new theories and parties is problematic not only for joinder reasons, but because Plaintiff is a three-striker who was required to demonstrate an imminent risk of physical injury before he was granted leave to proceed. When an inmate is granted leave to proceed because he may be in imminent danger, that finding is strictly limited to the situation at the time the original complaint is filed and is not an invitation to later piggyback additional claims into court.  *See e.g., Talley v. Wexford, 2021 WL 467193 at * 1 (C.D. Ill. Feb. 9, 2021)* (even if a plaintiff pleads imminent danger on one claim, he may not piggyback other claims which do not establish imminent danger of serious physical injury).

For all of these reasons, the Court finds it appropriate to strike Plaintiff's proposed amended complaint (Doc. 102-1). The pleading does not follow the Local Rules, it joins countless claims that may or may not be related, and it does not clearly satisfy the imminence requirement with the numerous additions. Plaintiff may attempt to re-plead a shorter and more focused amended complaint that pertains solely to the claims already designated by the Court as within the scope of the original imminent danger finding. Even for claims within that original scope, as the Court originally noted, Plaintiff's claim of imminence could be subject to challenge. *See e.g.*, *Jones v. Burle*, 2022 WL 4008712 at *2 (7th Cir. 2022) (a decision to allow Plaintiff to start a case under the imminent danger exception is subject to a challenge to his entitlement to IFP status).

If Plaintiff submits another amended pleading, he must focus on the existing claims, and may not incorporate new topics, such as access to the courts, or care for chronic hernia issues, etc.. He must also clearly mark the defendants and allegations that are being added, and he may not include John Does that are not identified in the caption and are not clearly described.

## Disposition

**IT IS HEREBY ORDERED THAT**, Plaintiff's Motion to Amend (Doc. 102) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: August 21, 2024

DAVID W. DUGAN
United States District Judge