## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

GERALD JONES, B13486,           )
                                )
                    Plaintiff,  )
                                )        Case No. 23-cv-2804-DWD
vs.                             )
                                )
ANTHONY WILLIS, et al.,          )
                                )
                    Defendants.  )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is scheduled for a *Pavey* hearing on April 22, 2025.  On March 11, 2025, Plaintiff moved to subpoena five witnesses for the hearing.  On March 17, 2025, the Court directed the parties to each file a notice within 14 days identifying their witnesses and explaining the anticipated scope of the examination and testimony for each individual witness.  Both parties have complied in a timely fashion, and their Notices (Docs. 152, 154) are now before the Court for consideration.  As explained herein, the Court will allow both sides to call Counselor Sara Quick, but it will otherwise decline to issue subpoenas for Plaintiff's four other proposed witnesses because he did not properly explain the scope of their proposed testimony and the Court finds their testimony would be irrelevant or duplicative.

By the December 20, 2024 Order, the Court narrowed the scope of the disputed *Pavey* issues to the availability of the grievance procedure at Menard as it pertains to Plaintiff's allegation that he was unable to secure any grievance forms from July 30, 2023,

through the filing of these consolidated cases on August 15 and 21, 2023.  (Doc. 125).

Plaintiff alleged in his signed response to summary judgment and in an accompanying

affidavit that he requested grievance forms from Quick and gallery officers, but that they

repeatedly refused forms.  (Doc. 121).  Thus, he claimed the grievance process was

unavailable to him.  Defendants countered this assertion by pointing to grievances he

filed shortly before his transfer to Menard, and by two September 2023 grievances that

he filed at Menard to demonstrate he had access to the grievance process.  (Docs. 108,

111).  They also tendered the counseling summary from Menard, as well as his grievance

records from the ARB and Menard to demonstrate a lack of relevant documented

grievances.  (Docs. 108-1 – 108-4).

Plaintiff seeks to call as witnesses, Warden Anthony Wills, Assistant Warden

Kevin Reichert, Grievance Officer Sara McClare, and counselors Jeffrey Olson and Sara

Quick.  (Doc. 152).  He did not provide individualized descriptions of their proposed

testimony as he was directed to do in the March 17, 2025 Order.  Instead, he claims they

would collectively testify about the operation of the grievance process, the availability of

forms to Plaintiff, the dead-end nature of the grievance process, their failure to timely

respond to his grievances in relation to this litigation, and the fact that they "thwarted"

him from completing the exhaustion process.  (Doc. 152 at 1-2).

Defendants seek to call Sara Quick as a witness to testify about the ways an inmate

can request a grievance form, whether Plaintiff requested a grievance from her during

the relevant time, and if Plaintiff had access to the grievance process in August of 2023.

(Doc. 154 at 2).  They contend that Counselor Jeffrey Olson would not have relevant

testimony to offer because he did not begin his position as a counselor until September 1, 2023. They further contend the testimony of McClare, Reichert and Wills would not be relevant because none of them had personal interactions with Plaintiff in August of 2023, and none of them had a responsibility to provide grievance forms directly to individuals. At most, they would have general knowledge of the grievance procedure, but this is information that can be provided by Quick. Thus, Defendants object to Plaintiff's request to call Olson, McClare, Reichert, and Wills. (Doc. 154).

Based on the information from the parties, the Court finds it unnecessary to secure testimony from Olson, Wills, Reichert, and McClare. As to Plaintiff's indications about the contents of their expected testimony, he did not provide a breakdown person-by-person about what he believed each person would testify about. His list of five anticipated topics is speculative and calls for testimony beyond the scope of the limited issue that the Court has designated for the hearing. Specifically, Plaintiff indicated he wanted to elicit testimony that the grievance process was a dead-end and could not produce any result, that he did not get timely responses to things filed and that he was thwarted from using the process. Testimony of this nature is largely irrelevant to the very limited issue of if he could physically access grievance forms from July 30, 2023 thru August 21, 2023.

Plaintiff raised similar arguments in his response to the Defendants' motion for summary judgment, but the arguments are unavailing. The dead-end arguments are rooted in his contention that because he had submitted grievances at a former prison, and he had gotten a response that mental/medical health treatment decisions were solely

within the purview of treating staff and would not be unsettled by grievance officials, then the grievance process was not capable of producing a result. He also pointed to things that happened with two grievances he submitted at Menard in September of 2023 after he filed this complaint. The outcome of old grievances from a different prison, or of grievances that post-date this lawsuit are not relevant to the exhaustion issue in this case. Plaintiff did not meet a dead-end scenario for his claims in the complaints filed August 15 and 21, 2023, because he did not file any grievances at all prior to those dates and thus could not have faced the outcome of being unable to get any meaningful outcome. The grievance process cannot be a dead end if a grievance is not submitted to the process. This is why the Court has limited the issue at the hearing solely to Plaintiff's ability to access grievance forms between July 30, 2023, and August 21, 2023.

Plaintiff might also wish to contend that he should still be allowed to call Warden Wills because he claimed in response to summary judgment that he submitted alternative requests (complaints that were not written on grievance forms) to Wills and the Governor of Illinois in August of 2023 before filing this lawsuit. He claimed he tried to do this to access the emergency grievance process despite the absence of forms. This line of argument is also irrelevant because the formal grievance process is mandatory, and the Court cannot graft special exceptions onto the process. The IDOC clearly requires inmates to use grievance forms provided by the facility to submit grievances. 20 Ill. Admin. Code § 504.810; *Scott v. Baldwin*, 2020 WL 5500532 at * 5 (S.D. Ill. Sept. 11, 2020) (a letter does not take the place of following the institution's grievance process). If Plaintiff could not access grievance forms as he contends, then the process was

unavailable, but letters are not a valid substitute.  Thus, Plaintiff does not need to elicit testimony from Wills about this issue.  To the extent he wanted to ask Wills general questions about the availability of the grievance procedure or access to forms, these questions are better directed to Quick, an employee who had direct interactions with Plaintiff and could have provided or denied forms.

As for proposed witnesses Reichert and McClare, Plaintiff has not provided sufficient information to suggest that either individual has personal knowledge or information to contribute.  The same is true for Olson, who was not a counselor until September 1, 2023.  Thus, the Court finds it appropriate under Federal Rule of Civil Procedure 45(d)(3)(A)(iv) to quash Plaintiff's request to subpoena Wills, Reichert, McClare and Olson consistent with Defendants' contentions that their potential testimony would be duplicative or irrelevant to the issues for consideration at the *Pavey* hearing.  *See e.g.,* *Uppal v. Rosalind Franklin University of Medicine and Science*, 124 F. Supp.3d 811 (N.D. Ill. Aug. 26, 2015) (discussing the scope of discovery and subpoena authority under Federal Rules 26 and 45 as it pertains to parties and non-parties). Reichert, McClare, and Olson are not parties to this case, and there is no suggestion in the record that they have relevant personal knowledge for the very limited time period at issue for the *Pavey* hearing (July 30, 2023-August 21, 2023).  Wills is a party to the case, but there is no sufficient suggestion he has personal knowledge about the very limited sub-issue of if Plaintiff could access proper grievance forms during the limited time period at issue.  As such, the Court will quash Plaintiff's Motion for a Subpoena as to Wills, Reichert, McClare, and Olson.

The parties agree that Sara Quick, a counselor, can and will provide relevant testimony. Because the Defendants also intend to call Quick, there is no need to issue a subpoena to secure her appearance, and this will obviate the need to address the details of requiring Plaintiff (who is pro se) to pay the associated fees to secure her appearance. *See e.g., Sellers v. Thompson*, 2024 WL 410132 (E.D. Wisc. Sept. 6, 2024) (discussing the non-waivable witness fees, and potential fees associated with service of subpoenas). Both sides will have the opportunity to question Quick as a witness, and both sides can conduct a direct examination of her as a witness.

In sum, Plaintiff's Motion for Subpoenas (Doc. 146) is **GRANTED** to the extent that he wishes to call Sara Quick, and the Defendants shall secure her appearance at the hearing. The Motion (Doc. 146) is **DENIED** as to his request for witnesses Wills, Reichert, McClare and Olson and the subpoena is quashed in this respect.

**IT IS SO ORDERED.**

Dated: April 7, 2025                    /s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge